IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| S.J. Sr., on her own behalf and as next friend for S.J. Jr., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 09 CV 444 |
| PERSPECTIVES CHARTER SCHOOL d/b/a, PERSPECTIVES - CALUMET MIDDLE SCHOOL, TAMARA DAVIS, ELANA FITCH, MS. BOWEN, CITY OF CHICAGO, UNKNOWN CHICAGO POLICE OFFICER JANE DOE, and the CHICAGO BOARD OF EDUCATION, | ) ) ) ) ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, by her attorneys, JAMES R. FENNERTY & ASSOCIATES, L.L.C., complain of Defendants as follows:

### Introduction

1.  Plaintiff S.J. is a minor girl who was victimized by Defendants when she was forced to undergo an unlawful strip search at school.

2.  Plaintiff seeks damages for the physical and emotional trauma wrought by this abuse as well as for the unconscionable failure to take reasonable steps to prevent it.

### Jurisdiction and Venue

3.  This case is brought under 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

4.  This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1367. Venue is proper under 28 U.S.C. § 1391(b).

5. On information and belief, all or most of the parties reside in this judicial district, and the events giving rise to the claims here all occurred within this district.

### Parties

6. Defendant Perspectives Charter School is a not for profit corporation, duly incorporated under the laws of the State of Illinois and doing business in the City of Chicago, County of Cook, State of Illinois through various schools under the Perspectives name, including under Perspectives - Calumet Middle School.

7. Perspectives Charter School is a public school and recieves public funding.

8. At all times relevant to this Complaint, Perspectives – Calumet Middle School operated on property owned by the Chicago Board of Education and located at 8131 South May Street in Chicago.

9. At all times relevant to this Complaint, Defendant Tamara Davis was employed by Perspectives Charter School as the Principal of Perspectives – Calumet Middle School. At all times relevant herein, Defendant Tamara Davis was acting under color of law.

10. At all times relevant to this Complaint, Defendant Elana Fitch was employed by Perspectives Charter School as the Dean of Students of Perspectives – Calumet Middle School. At all times relevant herein, Defendant Elana Fitch was acting under color of law.

11. At all times relevant to this Complaint, Defendant Ms. Bowen a/k/a Ms. Hill was employed by Perspectives Charter School as a security guard at Perspectives –

Calumet Middle School.  At all times relevant herein, Defendant Bowen was acting under color of law.

12. Defendant City of Chicago is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer of Defendant Police Officer Jane Doe.

13. At all times relevant to this Complaint, Defendant Police Officer Jane Doe, whose identity is unknown, was employed by Defendant City of Chicago as a police officer.  At all times relevant herein, Defendant Officer Jane Doe was acting under the color of law, under color of authority and in the scope of her employment as a Chicago Police Officer.

14. Defendant Chicago Board of Education is an entity owned and operated by the City of Chicago, Illinois and is located within this judicial district.

15. Plaintiff S.J. Jr. is a minor girl who, at the time of the incident alleged in this Complaint, was in the 8th grade at Perspectives – Calumet Middle School.

16. Plaintiff S.J. Sr. is the mother and next friend of Plaintiff S.J. Jr.

### Strip Search of S.J. Jr.

17. On or about December 15, 2008, Plaintiff S.J. Jr. attended school at Perspectives – Calumet Middle School.

18. While at school, Defendants Bowen and Doe made Plaintiff S.J. Jr. remove her shirt, undershirt, pants and shoes.

19. Defendant Bowen grabbed Plaintiff S.J. Jr.'s bra and shook it.

20. Defendant Doe patted Plaintiff S.J. Jr.'s sock-covered feet.

21. The search was performed at the direction and with the approval of Defendants Davis and Fitch.

22. The strip search of Plaintiff S.J. Jr. was performed without notifying her parents and without the consent of their parents.

23. The strip search of Plaintiff S.J. Jr. turned up none of the items sought and no evidence of wrongdoing.

## Count I – 42 U.S.C. § 1983

### Violation of Substantive Constitutional Rights

24. Plaintiff realleges all paragraphs of this Complaint as if fully stated herein.

25. Defendants Davis, Fitch, Bowen and Doe subjected S.J. Jr. to objectively unreasonable touching, searches and seizures that violated the girl's rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

26. As a result of this misconduct, S.J. Jr. suffered physical and emotional injuries and other damages.

27. The misconduct described herein was objectively unreasonable, and undertaken with malice, willfulness, and reckless indifference to the rights of others.

## Count II – 42 U.S.C. § 1983

### Due Process: Shocks the Conscience

28. Plaintiff realleges all paragraphs of this Complaint as if fully stated herein.

29. Defendant Bowen's and Doe's abuse of S.J. Jr. was so malfeasant that it shocks the conscience.

30. Similarly, by ordering and/or allowing the abuse, the conduct of Defendant Principal Davis and Defendant Fitch also shocks the conscience.

31. As a result of this misconduct S.J. Jr. suffered physical and emotional injuries and other damages.

32. The misconduct described herein was objectively unreasonable, and undertaken with malice, willfulness, and reckless indifference to the rights of others.

### Count III – 42 U.S.C. § 1983

### Due Process: State Created Danger / Special Relationship

33. Plaintiff realleges all paragraphs of this Complaint as if fully stated herein.

34. Defendants had custody and control over S.J. Jr. when she was subjected to the abusive touching, search and seizure by Defendants.

35. Once Defendants assumed full responsibility for protecting S.J. Jr. thereby rendering her and her parents without means to prevent abuses, those Defendants failed to provide the sort of defenses for S.J. Jr. that Plaintiff would have provided on her own.

36. Having undertaken a duty to protect S.J. Jr., Defendants breached that duty in the manner described in this Complaint.

37. Defendants affirmatively placed S.J. Jr. in a position of danger that she would not have otherwise faced. As a proximate cause of this misconduct, Plaintiff suffered severe emotional distress and anguish.

38. As a result of this misconduct S.J. Jr. suffered physical and emotional injuries and other damages.

39. The misconduct described herein was objectively unreasonable, and undertaken with malice, willfulness, and reckless indifference to the rights of others.

### Count IV – 42 U.S.C. § 1983

### Failure to Intervene

40. Plaintiff realleges all paragraphs of this Complaint as if fully stated herein.

41. Defendant Principal Davis and Defendant Fitch failed to intervene to stop Defendant Bowen's and Doe's violation of Plaintiff's constitutional rights, despite a reasonable opportunity to have done so.

42. As a result of Defendants' failure to intervene to prevent the violations of Plaintiff's constitutional rights, Plaintiff suffered physical and emotional injuries and other damages.

43. As described in the preceding paragraphs, the conduct of non-intervening Defendants, acting under color of law and within the scope of their employment, violate the Constitution of the United States of America.

44. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to constitutional rights.

**Count V – 42 U.S.C. 1983 Monell Policy, Practice, and Custom Claim –**

**Failure to Train**

45. Plaintiff realleges all paragraphs of this Complaint as if fully stated herein.

46. The actions of the individual Defendants were done pursuant to one or more interrelated de facto as well as explicit polices, practices and/or customs of Perspectives, the City of Chicago, or the Chicago Board of Education.

47. Upon information and belief, high ranking officials, including Defendant Davis, planned, authorized, directed, ratified and/or acquiesced in the unconstitutional and unlawful actions complained of herein.

48. At all times material to this Complaint, the Defendants had interrelated de facto policies, practices, and customs which included, inter alia, a) the failure to properly train employees in the legality of searches, and in particular in the legality of strip searching minor students at school.

49. Further, the constitutional violations and damages to Plaintiff that occurred as described herein were directly and proximately caused by the policy, practice or custom of failing to train employees in the legality of searches and in particular the legality of strip searching minor students at school.

50. Because of the tremendous invasion of privacy and the potential for injury involved in the strip search of a minor student, the need for training in the area of strip searches of minor students at school is obvious.

51. Said interrelated policies, practices, and customs, as set forth above, both individually and together were maintained and implemented with deliberate indifference, and encouraged and caused the Defendants to commit the aforesaid acts against the Plaintiff and therefore acted as a direct and proximate cause of said constitutional violations and injuries to the Plaintiff.

52. Additionally, said failure to train was also done with deliberate indifference, and encouraged and caused the Defendants to commit the aforesaid acts against the Plaintiff and therefore acted as a direct and proximate cause of said constitutional violations and injuries to the Plaintiff.

53. As a direct and proximate result of their failure to take reasonable steps to adequately train their employees, Plaintiff was denied her constitutional rights as stated in this Complaint, and has suffered and continues to suffer mental and emotional distress, humiliation, embarrassment, discomfort, fear, shock, and anxiety.

### Count V – State Law Claim

### Assault and Battery Against Defendants Bowen and Doe

54. Plaintiff realleges all paragraphs of this Complaint as if fully stated herein.

55. As described in the preceding paragraphs, the conduct of Defendants Bowen and Doe, acting under color of law and within the scope of her employment, constituted unjustified and offensive physical contact proximately causing Plaintiff's injuries.

56. The misconduct described herein was objectively unreasonable, and undertaken intentionally, with malice, willfully and wantonly, and/or with reckless indifference to the rights of others.

57. As a result of the offensive touching, the Plaintiff sustained injuries, including but not limited to a reasonable apprehension of bodily harm.

### Count VI – State Law Claim

### Willful and Wanton Retention / Failure to Supervise

58. Plaintiff realleges all paragraphs of this Complaint as if fully stated herein.

59. At all relevant times, Defendant City of Chicago knew or should have known that Defendant Officer Doe was creating a danger for Plaintiff S.J. Jr. and her fellow students.

60. Despite the knowledge referenced in the preceding paragraph, Defendant City of Chicago refused to take any steps to prevent Officer Doe from abusing students.

61. At all relevant times, Defendant Perspectives Charter School knew or should have known that Defendant Davis, Fitch, and Bowen were creating a danger for Plaintiff S.J. Jr. and her fellow students.

62. Despite the knowledge referenced in the preceding paragraph, Defendant Perspectives Charter School refused to take any steps to prevent Defendants Davis, Fitch, and Bowen from abusing students.

63. As a direct and proximate result of Defendants' willful and wanton failure to supervise and retention of Defendants, Davis, Fitch, Bowen, and Doe, Plaintiff was damaged in that she suffered physical abuse, emotional distress, loss of normal life, and past and future pain.

64. At all relevant times, Defendants had a duty to properly supervise employees in such a way as to guarantee the personal safety of students, including S.J. Jr.

65. Defendants breached the duty reference in the preceding paragraph in that they did not use reasonable care and caution in the retention and supervision of Defendants, Davis, Fitch, Bowen, and Doe, such that their failure to exercise reasonable care and caution was willful and wanton.

66. Defendants also exercised control over Defendants, Davis, Fitch, Bowen, and Doe. Defendants also had a special duty with respect to S.J. Jr. The affirmative exercise of care or custody by Defendants of S.J. Jr. elevated them to a special concern.

67. Defendants were uniquely aware of the dangers that Defendants, Davis, Fitch, Bowen, and Doe posed to S.J. Jr.

68. Defendants failed to take any action to protect S.J. Jr. from Defendants, Davis, Fitch, Bowen, and Doe and failed to remedy any abuse of S.J. Jr. by Defendants, Davis, Fitch, Bowen, and Doe.

69. Defendants affirmatively or willfully failed to act to protect S.J. Jr.

70. The injury to S.J. Jr. happened while they were under the direct and immediate control of Defendant Perspectives Charter School and its agents and Defendant City of Chicago and its agents.

71. As a direct and proximate result of the willful and wanton conduct of the Defendants, they breached their duty to properly supervise employees in such a way to guarantee the safety of the Plaintiff, and said Plaintiff sustained injuries of a personal and pecuniary nature.

72. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifferenct to the rights of others.

## Count VII – State Law Claim

### Intentional Infliction of Emotional Distress

73. Plaintiff realleges all paragraphs of this Complaint as if fully stated herein.

74. As described more fully in the preceding paragraphs, each of the individual Defendants engaged in extreme and outrageous conduct with respect to Plaintiff S.J. Jr.

75. This misconduct was rooted in an abuse of power or authority.

76. The misconduct was undertaken with intent or knowledge that there was a high probability that the conduct would inflict severe emotional distress and with reckless disregard of that probability.

77. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

78. As a proximate result of this misconduct, Plaintiff suffered severe emotional distress and anguish.

## Count VIII – State Law Claim

### Premesis Liability

79. Plaintiff reallege all paragraphs of this Complaint as if fully stated herein.

80. Defendant Chicago Board of Education failed to exercise ordinary care to maintain its property at 8131 South May Street in Chicago in a reasonably safe condition by allowing the individual Defendants access to private rooms in which they strip and searched the Plaintiff.

81. The Board of Education was aware that its premises were not maintained in a reasonably safe condition within a reasonable time before the injury happened to S.J. Jr.

82. The condition of the premises thereby facilitated the illegal strip and search of the Plaintiff.

83. As a proximate result of this misconduct, the Plaintiff suffered severe emotional distress and anguish.

84. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

## Count IX – State Law Claim

## False Imprisonment

85. Plaintiff reallege all paragraphs of this Complaint as if fully stated herein.

86. At the time and place aforesaid, Defendants Davis and Fitch willfully and wantonly physically restrained the Plaintiff in that they ordered and/or acquiesced in her seizure and strip search.

87. At the time and place aforesaid, Defendants Bowen and Dow willfully and wantonly physically restrained the Plaintiff in that they took the S.J. Jr. into a room and required her to undergo a strip search. Plaintiff were not allowed to leave.

88. At the time and place aforesaid, Defendants acted without Plaintiff's consent and in the absence of provocation or cause, for the purpose of restraining Plaintiff's personal liberties and freedom of movement.

89. As a proximate result of this misconduct, Plaintiff suffered severe emotional distress and anguish.

90. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

## Count X – State Law Claim

## Illinois Civil Rights Act – 740 ILCS § 23/5(c)(2)

91. Plaintiff reallege all paragraphs of this Complaint as if fully stated herein.

92. The misconduct described above is a violation of S.J. Jr.'s rights as secured by the Illinois Constitution. Specifically, by abusing and causing her harm, Defendants Davis, Fitch, Bowen and Doe violated Plaintiff's rights to be secure in her

person agaisnt unreasonable searches, seizures and invasion of privacy under Article I, Section 6 of the Illinois Constitution.

93. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

94. As a result of these deprivations of S.J. Jr.'s rights as secured by the Illinois Constitution, she suffered damages.

### Count XI – State Law Claim

*Respondeat Superior*

95. Plaintiff reallege all paragraphs of this Complaint as if fully stated herein.

96. In committing the acts alleged in the preceding paragraphs, Defendants were agents of Perspectives Charter School and the City of Chicago and were acting within the scope of their employment.

97. If they are found liable for the allegations in this Complaint, defendants are entitled to indemnification for any compensatory damages, punitive damages, and attorneys' fees that are awarded.

98. Defendant Perspectives Charter School and City of Chicago are liable as the principal for all torts committed by its agents.

### Count XII – State Law Claim

**Indemnification**

99. Plaintiff realleges all paragraphs of this Complaint as if fully stated herein.

100. Pursuant to Illinois statute (735 ILCS 10/9-102), public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

101. Defendants are or were employees of Perspectives Charter School and the City of Chicago, and acted within the scope of their employment in committing the misconduct described herein.

102. If they are found liable for the allegations in this Complaint, Defendants are each entitled to indemnification for any compensatory damages, punitive damages, and attorneys' fees that are awarded.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and against Defendants, awarding compensatory damages, punitive damages against the individual Defendants in their individual capacities, attorneys' fees, and any other relief this Court deems just and appropriate under the circumstances.

## Jury Demand

Plaintiff hereby demands a trial by jury under Federal Rule of Civil Procedure 38(b) on all issues so triable.

/s/ Robert W. Ludemann
Attorneys for Plaintiff

Robert W. Ludemann
ARDC No. 6286750
James R. Fennerty & Associates, L.L.C.
36 South Wabash Avenue, Suite 1310
Chicago, Illinois 60603
312-345-1704
312-422-0708 (fax)