# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 9 C 444 | **DATE** | 4/4/2011 |
| **CASE TITLE** | S.J. Sr. Vs. Perspectives Charter School et al | | |

**DOCKET ENTRY TEXT**

For the foregoing reasons, the Court denies S.J.'s motion to amend her complaint and file the proposed Third Amended Complaint.

■ [ For further details see text below.]

Docketing to mail notices.

## STATEMENT

On January 23, 2009, Plaintiffs S.J. Sr., on her own behalf and as next friend to S.J. Jr., a minor (collectively "S.J."), filed this suit against her charter school, the City of Chicago ("the City"), an unnamed Chicago police officer, and school security guard Sarah Boynes, asserting violations of her civil rights and other state law claims arising from a strip search of S.J. at her school. S.J. now seeks to amend her complaint again, near the close of fact discovery, to name Chicago police officer Emma Brunson as a defendant in place of the previously unknown "Jane Doe" police officer. For the reasons set forth below, the Court denies S.J.'s motion.

**Background**

Each iteration of S.J.'s complaint alleges that Jane Doe, an unnamed Chicago police officer, participated in the strip search of Plaintiff. (*See, e.g.*, Second Amend. Compl., Doc. 96.) The City produced in discovery a report generated three days after S.J. sued the City that disclosed Officer Brunson's name. Officer Brunson also appeared in the City's Rule 26 disclosures and gave a deposition in the case. Originally, the Court set fact discovery to close on October 29, 2010. The Court then granted various extensions of fact discovery to allow for depositions of specific witnesses, and ordered fact discovery closed on April 1, 2011. (*See* Doc. 125.) On March 17, 2011, Plaintiff moved to amend her complaint, substituting in Officer Brunson, and attached her proposed fourth complaint ("proposed complaint"). (Doc. 126.) The proposed complaint brings six claims against Officer Brunson: three claims under 42 U.S.C. § 1983 for violations of S.J.'s civil rights for the strip search, as well as pendant state claims for assault and battery, intentional infliction of emotional distress ("IIED"), and false imprisonment. (*See* Doc. 126-1.) City opposes the motion for two independent reasons: (1) S.J. delayed too long in naming Officer Brunson, and (2) the amendment would be futile because it would not satisfy a motion to dismiss and does not state a viable theory of liability.

| STATEMENT |
|---|

**Standard of Review**

Rule 15(a)(2) requires the Court's leave to amend a complaint at this point in the case. *See* Fed. R. Civ. P. 15(a)(2). Though Rule 15(a)(2) reflects a liberal attitude in allowing amendments to pleadings, leave should not be granted where the moving party has unduly delayed amending the pleading, the amendment would cause undue prejudice to the opposing party, or where the amendment would be futile. *See Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007). Though delay by itself is not sufficient, "the longer the delay, the greater the presumption against granting leave to amend . . . ." *King v. Cooke*, 26 F.3d 720, 723 (7th Cir.1994) (internal citation omitted). An amendment is futile when it would not survive a motion to dismiss or fails to state a valid theory of liability. *See Garcia v. City of Chicago*, 24 F.3d 966, 970 (7th Cir. 1994)

**Discussion**

S.J.'s motion to amend, made on the eve of the close of fact discovery—and months after fact discovery was originally scheduled to close—is not timely. *See Continental Bank, N.A. v. Meyer*, 10 F.3d 1293, 1298 (7th Cir. 1993) (finding a district court did not abuse its discretion when it denied a motion to amend the complaint because the facts had long been known to the plaintiff). In her motion, S.J. gives no reason for the delay in naming Officer Brunson. When he presented the motion, S.J.'s counsel stated that S.J. held back on her motion until the deposition testimony of the school security guard, another defendant in the case, suggested that Officer Brunson was at least at the school that day, and that testimony corroborated S.J.'s position that a Chicago police officer was present for the strip search. Counsel's representation does not justify S.J.'s delay. S.J. did not need the security guard's corroboration to sue Officer Brunson, only S.J.'s good faith basis that a Chicago police officer participated in the strip search, and that Officer Brunson was that Chicago police officer. The alleged involvement of a Chicago police officer in the strip search is not a new theory - it was plead in the original complaint. Given that Officer Brunson was named in City's Rule 26 disclosures and S.J. knew enough about her identity and involvement to depose her, S.J. must have known enough, early in discovery and before the majority of the key depositions, to name Officer Brunson as Jane Doe.

The City would be prejudiced by Officer Brunson becoming a defendant so late in the case. The City did not have the benefit of deposing S.J. or any other witness knowing that Officer Brunson was, in fact, the Chicago police officer that S.J. believes participated in the strip search. ) Indeed, counsel for the City told the Court that Officer Brunson and Boynes stated in their depositions that Officer Brunson was not present at the school for the strip search, so it was reasonable for the City to operate under the assumption that Jane Doe was someone else.

Finally, S.J.'s assertion that no new discovery will be required is problematic for two reasons. First, S.J.'s might not need additional discovery, but the City probably will because it did not know Officer Brunson was Jane Doe for the entire discovery period. *See id.* (finding "[i]f the amendment were allowed, the [defendant] would have been put to additional discovery, and thus prejudiced."). Second, her statement that no new discovery is required suggests that S.J. could have named Officer Brunson earlier. *See Kleinhans v. Lisle Sav. Profit Sharing Trust*, 810 F.2d 618, 625 (7th Cir.1987) (noting that "claiming that the granting of his motion would not require that discovery be reopened, in effect, admits that he could easily have brought this claim long before the defendants moved for summary judgment").

Even if the amendment was timely, the Court notes that only S.J.'s assault and battery claim against Officer Brunson could survive a motion to dismiss. In an opinion dated February 9, 2010, the Court dismissed the same three constitutional claims against other defendants that S.J. brings against Officer Brunson in the

| STATEMENT |
|---|

proposed complaint. *See S.J. v. Perspectives Charter Sch.*, 685 F. Supp. 2d 847, 854 (N.D. Ill. 2010) (finding that S.J. "cannot show that the law regarding school strip searches was clearly established at the time of the alleged search" and dismissing the claims on qualified immunity grounds.) Two of S.J.'s state law claims would not survive under the same opinion. The IIED claim against Officer Brunson is plead in the same insufficient fashion as the IIED claim previously dismissed (*see id*. at 860, citing *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009)), and students cannot bring false imprisonment claims arising from disciplinary actions at school because students "do not possess freedom of movement within a school" (*see id.* at 861-62, citing *Vernonia Sch. Dist. 47J v. Acton*, 515 U.S. 646, 654-55 (1995)).

**Conclusion**

For the foregoing reasons, the Court denies S.J.'s motion to amend her complaint and file the proposed Third Amended Complaint.